[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 02 March 2001 DATE OF APPLICATION: 08 March 2001 DATE OF DECISION: 25 June 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Litchfield, Docket Number CR99-99882.
James Fletcher, Esq. Counsel for the State, Assistant States Attorney.
Christopher Cosgrove, Esq. Counsel for the Petitioner.
SENTENCE AFFIRMED
 BY THE DIVISION
Inpone Phothirath, petitioner, entered a plea to the crime of Assault in the Third Degree, a class A misdemeanor, relevant to an attack with a screw-driver on a co-worker. Petitioner also entered a plea to Attempt to Commit Assault First, a class B felony and Operating Under the Influence. The factual basis of these latter unrelated offenses is a police officer was attempting to investigate the petitioner for motor vehicle violations, the petitioner retrieved a knife and made a sweeping gesture towards the officer.
The petitioner's criminal history reflects a propensity not to answer criminal charges and an active misdemeanor assault warrant outstanding from New York State.
The sentencing court imposed a net effective sentence of 4 years incarceration to be followed by 8 years of special parole. It is this sentence that petitioner seeks to have reviewed.
Counsel for petitioner addressed the Division and represented that the CT Page 11470 petitioner was brought up under deplorable conditions whereby at age 7 his parents left him in Thailand at a kick-boxing camp and abandoned him. Counsel indicated the petitioner has a young wife and that petitioner has a drinking problem and that he is otherwise a good citizen.
Counsel for petitioner further indicated that because of petitioner's culture he has brought disgrace to his family. Counsel opined that what occurred in the instant matters was an aberration and requested that the Division reduce petitioner's sentence to a three year period of incarceration.
The petitioner, through an interpreter, expressed his apologies and indicated that in the future he will concentrate on work.
Counsel for the state indicated that there was no agreement relevant to sentencing and that both parties were free to argue for what each believe was an appropriate sentence. Counsel for the state did indicate the petitioner did not have a particularly lengthy criminal history and, relevant to the assault on the officer, alcohol was a contributing factor.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book §43-23 et seq., and Connecticut General Statute § 51-94 et seq.
In reviewing the record as a whole and in light of the serious violent nature of the attempted assault on the officer combined with the prior criminal history, the Division finds that the sentencing court's actions were within the parameters of Conn. 43-23 et seq. The sentence imposed was neither inappropriate or disproportionate.
The Sentence is AFFIRMED.
Miano, J.
Norko, J. CT Page 11471
Iannotti, J.
Miano, J., Norko, J. and Iannotti, J. participated in this decision. CT Page 11472